RENE M. KNAEPEN, PLAINTIFF-APPELLANT, v. THE NEW JERSEY TITLE GUARANTEE AND TRUST COMPANY (IN LIQUIDATION), A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 7, 1941—Decided January 3, 1942.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff-appellant, *Charles W. Symanski.*

For the defendant-respondent, *Thomas F. Meaney.*

PER CURIAM.

Rene M. Knaepen brought suit against the New Jersey Title Guarantee and Trust Company, hereinafter referred to as the Title Company, upon a state of demand alleging that in January, 1941, he entered into a written contract with one Walter E. Preater and the Title Company, by the terms of which the Title Company recognized him as broker in the sale of a certain property to said Preater and agreed to pay plaintiff as commission 5% of the agreed purchase price of $5,000. Subsequently the property was sold to Preater, the deed delivered and the consideration paid. The suit was for the commissions of $250 with interest and costs alleged to be due. Annexed to the state of demand was a copy of the contract. The portion thereof pertinent to the action in the District Court reads as follows:

"The seller hereby acknowledges that Rene M. Knaepen of Ridgewood, New Jersey, is the broker that negotiated this sale, and agrees to pay to said broker, as a commission, a sum equal to five per centum (5%) of the purchase price herein mentioned, which commission shall be deemed to be earned

by, and be due and payable to, said broker, *only upon actual delivery of the deed to, and receipt by the seller of the agreed upon consideration from, the said buyer in accordance with the terms of this agreement.*

"*And it is further agreed,* by the parties hereto that this agreement is entered into subject to its approval by the Federal Deposit Insurance Corporation and the Court of Chancery of New Jersey."

The case was submitted to the District Court upon the state of demand and an agreed state of facts which, when summarized, disclosed that the property and business of the Title Company was in the possession of the Commissioner of Banking and Insurance under the authority of *R. S.* 17:4-102, *et seq.;* that the Title Company entered into a contract of sale with Preater; that the Commissioner submitted the contract to the Court of Chancery for approval; that on the date when the matter came on for hearing a third person requested and received permission to bid in open court; thereupon the solicitor for the Commissioner announced that any bids submitted were to be deemed without liability of the Title Company to pay commissions to any broker; competitive bidding between a third person and Preater resulted in the property going to Preater for $6,150; thereupon the Court of Chancery entered an order which, so far as pertinent to the present suit, reads:

"It is further ordered, that the sale of Asset No. 2749, being property commonly known as S/W corner of Maple Avenue and First Street, Ridgewood, N. J., to Walter E. Preater, for the sum of $6,150.00 in cash, all items to be adjusted as of the date of closing title, but no broker's commission to be paid, be and the same is hereby approved at the terms herein mentioned;"

The District Court Judge entered judgment for defendant, hence the appeal.

The provision in the contract of sale for payment of commissions to the broker was conditioned upon the approval of the contract of sale by the Court of Chancery. That condition was not met since the required approval was never given.

The judgment of the District Court is affirmed, with costs.